**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JERSON VELAZQUEZ ORDONEZ**, | |
| Plaintiff, | |
| v. | Case No. 1:26-cv-1573 (TNM) |
| **DETRA SHAW-WILDER** *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

Before the Court is Jerson Velazquez Ordonez's *pro se* Complaint.  Compl., ECF No. 1.

He sues over forty defendants for a hodge podge of alleged wrongdoings.  Because the

Complaint falls short of minimum pleading standards, the Court will dismiss it without

prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those

applied to pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro

se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F.

Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a

complaint contain a short and plain statement of the grounds upon which the court's jurisdiction

depends, a short and plain statement of the claim showing that the pleader is entitled to relief,

and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not

require detailed factual allegations, but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

More, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct."  Fed.

R. Civ. P. 8(d)(1).  "Taken together, [those provisions] underscore the emphasis placed on clarity

1

and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Ordonez's filings flunk these tests. First, it is not clear what events prompted his lawsuit and what claims Ordonez brings. In the Complaint's statement of facts, Ordonez mentions that he is a Mexican citizen, claims the Defendants "obstruct[ed]" his "financial support," suggests a "[f]orensic investigation has uncovered" decades of "identity theft," and that other Defendants "retaliated against" him after his "investigative work exposed" wrongdoing in Florida. Compl. at 2. Where Ordonez appears to list legal claims, they span from "[p]rofessional [n]egligence" to "[i]nduction of [c]risis" to "identity theft" to "aggravated animal cruelty by inducement." Compl. at 2–3. The rest of his filings add to the pile without providing clarity. He claims, for instance, "[d]ivorce [f]raud," Mot. to Take Jud. Not. at 3, ECF No. 4, and "[w]illful [b]lindness" without accompanying factual allegations to make sense of these claims, Notice at 2, ECF No. 10. The Court sees no clearer statement of his claims in Ordonez's numerous other filings. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (noting courts' obligation to consider all *pro se* filings together). Rather, his scattered, somewhat nonsensical allegations fail to put the Defendants on notice of the claims against them. And Ordonez does not identify a basis for this Court's jurisdiction in his Complaint or elsewhere. The Court will thus dismiss his Complaint without prejudice.

None of his other motions justifies relief. Ordonez seeks electronic filings privileges, *see* ECF Nos. 3, 8, 14, 17, but he has not complied with Local Rule 5.4(b)(2) which imposes

multiple requirements for *pro se* parties with that goal.  Ordonez also moves the Court to take judicial notice multiple times.  *See* ECF Nos. 4, 13.  These motions are as unclear as Ordonez's Complaint and, in any case, are "irrelevant to disposition of the motion to dismiss, which turns on the adequacy of the well-pleaded factual allegations in the complaint, which are assumed to be true."  *Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011).  More, the Court sees no merit in Ordonez's various requests for leave to file (which also lack his signature in violation of Federal Rule of Civil Procedure 11(a)), and will accordingly deny them.  *See* ECF Nos. 9, 12, 15.  Last, the Court will deny Ordonez's Motion for Order, *see* ECF No. 18, which appears to question the Court's docketing system and presents no grounds for relief.  An Order will issue separately.

Dated:  May 20, 2026                                     TREVOR N. McFADDEN, U.S.D.J.